# LAW OFFICE OF SARAH KUNSTLER

315 FLATBUSH AVENUE #103 • BROOKLYN, NEW YORK 11217
(718) 783-3682 • FAX (347) 402-2014 • KUNSTLERLAW.NET

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

December 10, 2020

Re: U.S. v. De La Rosa
20 Cr. 537 (JPC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/2020

Dear Judge Cronan:

  I represent Mario De La Rosa in the above-captioned matter. I am writing to respectfully request that your Honor permit my client to plead guilty at the upcoming conference, scheduled for December 16, 2020. The government has presented my client with a plea offer, which my client has accepted. Mr. De La Rosa wishes to move forward with his plea expeditiously, as he has an interest in the finality of his case. However, I have been informed by the U.S. Attorney's office that, under the CARES Act, the office position is not a sufficient reason to move forward with a remote plea, and that the office preference would be to wait until the plea can be conducted in person.

  Your Honor has the authority to permit a plea proceeding by video teleconference under Section 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which allows for felony plea proceedings to be held via video teleconferencing when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings*, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of video conferencing for felony pleas upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.").

  In this case, Mr. De La Rosa cannot promptly and expeditiously resolve this case without proceeding remotely. Additionally, it is not certain when the Court will be able to conduct the Mr. De La Rosa's plea in person. Conducting Mr. De La Rosa's plea remotely therefore "promotes judicial economy." *United States v. Cohen*, 2020 WL 2539115 (S.D.N.Y, May 19, 2020), at *2 (Pauley, J.)  It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." *Id.*; *United States v. Portolyoni*, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020) (Preska, J.). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." *Cohen*, 2020 WL 2539115, at *2.

  For these reasons, we ask your Honor to find that a plea in this case cannot be further delayed without serious harm to the interests of justice, and to permit Mr. De La Rosa to plead guilty at our upcoming conference.

Respectfully

Sarah Kunstler
Attorney for Mario De La Rosa

This request is GRANTED.  A proceeding for Defendant Mario De La Rosa's anticipated guilty plea is scheduled to be conducted by video conference on December 18, 2020, at 3:30 p.m.

SO ORDERED.
Date: December 10, 2020
New York, New York

JOHN P. CRONAN
United States District Judge