UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                -v-                                               :     20 Cr. 537-2 (JPC)
                                                                  :
MARIO DE LA ROSA,                                                 :     ORDER
                                                                  :
                Defendant.                                        :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On January 22, 2021, this Court granted in part and denied in part Defendant Mario De La Rosa's request to strike portions of his guilty plea hearing transcript. The Court denied De La Rosa's request to redact certain portions of his allocution of guilt, but authorized redaction of counsel's statements seeking to justify striking those portions. The Court additionally allowed De La Rosa until January 28, 2021 to clarify whether he still requests the limited redactions authorized by the Court. Further, the Court temporarily sealed the January 22, 2021 Order through January 28, 2021 to allow De La Rosa an opportunity to make an application to redact any portions of the decision.

      On January 28, 2021, De La Rosa's counsel submitted a sealed letter to the Court, requesting reconsideration of the Court's January 22, 2021 Order. 1/28/2021 Ltr. at 1. The letter also states that if the Court denied reconsideration, De La Rosa does not seek the limited redactions approved by the Court in the January 22, 2021 Order. *Id.* at 2-3. Finally, the letter does not request the sealing or redaction of the January 22, 2021 Order, nor does the letter argue for the sealing of the letter itself.

For reasons articulated below, the Court denies De La Rosa's motion for reconsideration of its January 22, 2021 Order.  Accordingly, the Court orders that (1) the December 18, 2020 transcript of De La Rosa's guilty plea hearing be unsealed in its entirety and (2) the Court's January 22, 2021 Order be unsealed and publicly filed on the docket.  The Court further will file publicly on the docket De La Rosa's counsel's letter of January 28, 2021 seeking reconsideration, as well as her letters of January 4, 2021, which requested redactions of the guilty plea transcript and attached a proposed redacted version of the transcript.

## I. De La Rosa's Motion for Reconsideration

"To prevail on a motion for reconsideration, 'the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Ohle v. United States*, No. 08 Cr. 1109 (JSR), 2017 WL 3669624, at *2 (S.D.N.Y. Aug. 3, 2017) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 3d 697, 701 (S.D.N.Y. 2011)).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

De La Rosa's request that the Court reconsider its January 22, 2021 Order falls short of meeting this standard.  De La Rosa does not assert that there was an intervening change of law, nor does he present any newly discovered evidence.  Rather, De La Rosa reiterates essentially the same arguments made in his original request to redact.  It is well settled, however, that "[r]econsideration is 'an extraordinary remedy' and 'is not a vehicle for relitigating old issues, presenting the case under new theories or otherwise taking a second bite at the apple'"  *United States v. Cremer*, No. 12 Cr. 473 (ER), 2021 WL 75126, at *2 (S.D.N.Y. Jan. 8, 2021) (quoting

*United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)). Even so, the Court notes that De La Rosa's rehashed arguments remain unpersuasive.

De La Rosa cites to a string of cases where courts sealed materials that implicated the safety of third parties or cooperating witnesses, or law enforcement interests. 1/28/21 Ltr. at 1. Such concerns are not implicated here. De La Rosa further notes the absence of a motion to intervene by a third party seeking to invoke their First Amendment and common law right of access. *Id.* at 2. But the public right of access attaches regardless of whether a third party appears and intervenes. Nor is the Court persuaded by De La Rosa's assertion that the proposed redactions are of "no value to those monitoring the federal courts." 1/28/21 Ltr. at 2. The proposed redactions cover ten pages of a fifty-three-page transcript of the guilty plea of an individual who participated in the armed robberies of two businesses in Manhattan. The public certainly has a strong interest in having access to the transcript of De La Rosa's guilty plea.

## II. Conclusion

De La Rosa's motion for reconsideration of the Court's January 22, 2021 Order is denied. The Court orders that both the Court's January 22, 2021 Order and the transcript of De La Rosa's December 18, 2020 guilty plea be unsealed in their entirety. The Clerk of Court is respectfully directed to file the Court's January 22, 2021 Order on the docket. The Court additionally will file publicly on ECF all submissions related to De La Rosa's redaction requests.

SO ORDERED.

Dated: January 29, 2021
New York, New York

JOHN P. CRONAN
United States District Judge